UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PROJECT ON GOVERNMENT OVERSIGHT, INC.,**<br>1100 G St NW<br>Suite 500<br>Washington, D.C. 20005,<br><br>            Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>            Defendant. | Case No: |

# COMPLAINT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 220 and 2202, for injunctive, declaratory and other appropriate relief. Plaintiff Project On Government Oversight, Inc. ("POGO") challenges the failure of defendant, U.S. Department of Justice ("DOJ"), and its subcomponent the Office of the Inspector General ("OIG"), to provide POGO with all non-exempt documents responsive to a FOIA request POGO filed with the OIG for copies of transcripts of its interviews with Rudy Giuliani, James Kallstrom, and any other individual the OIG interviewed as part of its investigation into the unauthorized leak of information by DOJ and FBI employees in advance of the 2016 presidential election.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Plaintiff POGO is a nonpartisan independent organization based in Washington, D.C. and organized under section 501(c)(3) of the Internal Revenue Code. Founded in 1981, POGO champions reforms to achieve a more effective, ethical, and accountable federal government that safeguards constitutional principles. POGO's investigators and journalists take leads and information from insiders and verify the information through investigations using FOIA, interviews, and other fact-finding strategies. POGO's investigative work has been recognized by Members of Congress, executive branch officials, and professional journalism organizations. For instance, in 2015, POGO won the Robert D.G. Lewis Watchdog Award, the Society of Professional Journalists Washington, D.C. Professional Chapter's highest journalistic award, for reporting on the Department of Justice's opaque system for handling allegations of attorney misconduct within its ranks. In 2018, POGO won an award from the Society for Advancing Business Editing & Writing for its investigative series scrutinizing the government's oversight of offshore drilling. POGO extensively used records obtained under FOIA for both of these investigations.

5. DOJ, including its subcomponent OIG, is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f). DOJ has possession or control of the records POGO seeks in this action.

## STATUTORY BACKGROUND

6. FOIA requires federal agencies, upon request, to make records "promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless one or more specific statutory exemptions apply.

7. The agency must provide the public records when they are requested in order "to ensure an informed citizenry, vital to the functioning democratic society." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978).

8. An agency must make a determination on a FOIA request within twenty business days and notify the requester of which of the records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 15 C.F.R. § 4.6(b).

9. The twenty-day deadline for an agency to make a determination on a request begins on the earlier of: (l) the date "the request is first received by the appropriate component of the agency" or (2) ten days after the request is "first received by any component of the agency that is designated in the agency's regulations . . . to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii).

10. In unusual circumstances, an agency may extend the time limits the FOIA prescribes by written notice to the person making such request that sets forth the reasons for such extension and the date on which a determination is "expected" to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

11. If an agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. §§ 552(a)(6)(C)(i), 552(a)(4)(B).

## FACTUAL BACKGROUND

12. Eleven days before the presidential election on October 28, 2016, then-FBI Director James B. Comey advised Congress that the FBI had reopened its investigation into then-presidential candidate Hillary Clinton's use of a private email server in light of newly discovered emails that "appear to be pertinent to the investigation." Letter from James B. Comey, Oct. 28, 2016, https://s3.documentcloud.org/documents/3198222/Letter.pdf.

13. Two days earlier, Trump supporter Rudy Giuliani, who previously served as the U.S. Attorney for the Southern District of New York, signaled on *Fox News* that a new development in the Clinton email investigation was coming. *See* https://video.foxnews.com/v/5185914034001#sp=show-clips. On November 4, 2016, Mr. Giuliani admitted he had received advance notice of the FBI's intent to reopen its investigation into Hillary Clinton, stating on *Fox News*, "Did I hear about it? You're darn right I heard about it, and I can't even repeat the language that I heard from the former FBI agents." *See, e.g.*, Matt Zapotosky, Rudy Giuliani is claiming to have insider FBI knowledge. Does he really?, *Washington Post*, Nov. 4, 2016, https://www.washingtonpost.com/news/post-nation/wp/2016/11/04/rudy-giuliani-is-claiming-to-have-insider-fbi-knowledge-does-he-really/.

14. On January 12, 2017, DOJ's OIG announced it was initiating a review of allegations regarding actions by DOJ and the FBI in advance of the 2016 presidential election. Press Release, Office of the Inspector General, U.S. Dep't of Justice, "DOJ OIG Announces Initiation of Review," (Jan. 12, 2017), https://oig.justice.gov/press/2017/2017-01-12.pdf. This

review included allegations that DOJ and FBI employees had improperly disclosed non-public information. *Id.*

15. On May 3, 2017, Director Comey testified before the Senate Judiciary Committee. Senator Patrick Leahy asked him specifically about the "pipeline to the FBI" that Rudy Giuliani and other Trump surrogates such as former FBI agent James Kallstrom claimed to have. Director Comey responded, "if I find out that people were leaking information about our investigations, whether it's to reporters or to private parties, there will be severe consequences." Read the full testimony of FBI Director James Comey in which he discusses email investigation, *Washington Post*, May 3, 2017, https://www.washingtonpost.com/news/post-politics/wp/2017/05/03/read-the-full-testimony-of-fbi-director-james-comey-in-which-he-discusses-clinton-email-investigation/.

16. The following year during a television interview James Comey acknowledged publicly he had "commissioned an investigation" into the unauthorized leak of information from the FBI's New York office that included Rudy Giuliani. Transcript: James Comey's interview with ABC News chief anchor George Stephanopoulos, *ABC News*, Apr. 15, 2018, https://abcnews.go.com/Site/transcript-james-comeys-interview-abc-news-chiefanchor/story?id=54488723.

17. In June 2018, the OIG released its review of the FBI's actions preceding the 2016 presidential election, Office of the Inspector General, U.S. Department of Justice, A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election, June 2018, https://www.justice.gov/file/1071991/download. While the report found many instances of unauthorized disclosures of information, it did not address specifically any unauthorized disclosure to Mr. Giuliani.

18. On December 11, 2019, in testimony before the Senate Judiciary Committee, DOJ Inspector General Michael Horowitz confirmed that his office continues to investigate allegations of leaks by the FBI's New York field to Rudy Giuliani regarding the Hillary Clinton email investigation. Mr. Horowitz explained, "[w]e were very concerned about that" and an active investigation into "those contacts" "continues to this day." Dareh Gregorian, Investigation into alleged FBI leaks to Giuliani during 2016 campaign is ongoing, DOJ watchdog says, *NBC News*, Dec. 11, 2019, https://www.nbcnews.com/politics/justice-department/doj-watchdog-says-he-s-investigating-alleged-fbi-leaks-giuliani-n1100006.

*Plaintiff's Freedom of Information Act Request*

19. On May 30, 2018, POGO submitted to the OIG by email a FOIA request seeking in a digital format interview transcripts with Rudy Giuliani, James Kallstrom, and any other individual interviewed by the OIG as part of its review of whether Department and FBI employees improperly disclosed non-public information in advance of the 2016 election.

20. POGO requested that the OIG expedite its request given that the anticipated OIG review "will be a high-profile, breaking news story," and the requested records "are related to this breaking news story." *Id.* at 2. POGO further explained that given Mr. Giuliani's representation of Mr. Trump at the time related to an ongoing federal law enforcement investigation, "there is an urgent and strong public interest in government records that may show his involvement in improperly accessing information in another then-ongoing FBI investigation."

21. POGO also requested a fee waiver, explaining that the requested records will highlight for the public what happened inside the FBI and whether any improper disclosures occurred, particularly in light of the apparent assertions by both Mr. Giuliani and Mr. Kallstrom that they had inside sources within the FBI and were receiving inside information. As POGO

explained, the interview transcripts would provide additional details beyond what the OIG report contains and likely would contribute to public understanding of the FBI's integrity during a highly sensitive and politically charged investigation.

22.     By letter date June 4, 2018, the OIG acknowledged receipt of POGO's request on May 30, 2018, and promised to answer the request "as quickly as possible." The OIG's response said nothing about the requested expedition. The OIG also failed to rule on POGO's request for a fee waiver, noting only that search and duplication fees "may be charged."

23.     POGO received no further communication from the OIG until May 18, 2021, when, in response to repeated requests for an update, the OIG advised POGO by email that it had conducted a search and was reviewing the gathered documents for responsiveness.

24.     To date, POGO has received no substantive response from the OIG concerning this request.

25.     Under 5 U.S.C. § 552)(a)(6)(C)(i), because the OIG has failed to make a determination on POGO's request POGO has now effectively exhausted all applicable administrative remedies with respect to its May 30, 2018 request.

## PLAINTIFF'S CLAIM FOR RELIEF

26.     Plaintiff repeats and re-alleges the preceding paragraphs.

27.     Plaintiff properly requested records within the possession, custody, and control of Defendant.

28.     Defendant DOJ wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for making a determination on Plaintiff's requests, and by withholding from disclosure records responsive to Plaintiff's requests.

29. Plaintiff POGO is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its May 30, 2018 FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to immediately and fully process plaintiff's May 30, 2018 FOIA request and to disclose all non-exempt documents at no cost to Plaintiff;

(2) Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records at no cost to Plaintiff;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

 /s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
(301) 717-6610
weismann.anne@gmail.com

Dated: June 28, 2021                *Attorney for Plaintiff*